Xhuliana BORI, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

Nos. 02–4311–AG(L), 04–0804–AG(CON).

United States Court of Appeals,
Second Circuit.

April 18, 2006.

18

Theodore N. Cox, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson and Sarah Lum, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this consolidated petition for review of two different orders from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part, the BIA's June 2002 order is VACATED, the BIA's May 2003 order is AFFIRMED, and the case is REMANDED for further proceedings consistent with this decision

Xhuliana Bori ("Bori") petitions for review of the BIA's order affirming the immigration judge's ("IJ") denial of asylum and withholding of deportation, and from the BIA's order denying her motion to reopen proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

■ Bori claimed past persecution and a well-founded fear of future persecution based upon, *inter alia,* her political opinion. The IJ denied this claim, resting his holding in large part on an adverse credibility finding. The IJ found that Bori had originally testified that it was "very well known" that her fiancé's family was one of the "prominent communist families," but later testified that they did not know each other's political backgrounds before they were engaged. The IJ also pointed out that Bori's family's ignorance of her fiancé's political views was inconsistent with Bori's description that her engagement was consistent with local customs in which families of the betrothed normally "discuss in great detail whether the parties are compatible for a future life together." These discrepancies are inconsequential when viewed against the record as a whole, *see Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000), and it was speculative for the IJ to assume that families' customary discussions of compatibility for marriage would include discussion of the couple's political affiliations, *see Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Furthermore, if the INS or IJ had lingering doubts about Bori's credibility because of a contradiction concerning when Bori and her family became aware of her fiancé's connection with the Socialist government, it would have been appropriate to probe for additional detail or "pose

questions aimed at eliciting inconsistent or inherently implausible statements." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 n. 6 (2d Cir.2003); *see also Ming Shi Xue v. BIA*, 439 F.3d 111, 121 (2d Cir.2006) (holding that when an inconsistency in a petitioner's account of persecution is not self-evident, an IJ may not rely on it to support an adverse credibility determination without first bringing the perceived discrepancy to the alien's attention and giving the alien an opportunity to respond).

■ The IJ also found that Bori's failure to corroborate her claim with statements from her family members who had knowledge of her problems with her fiancé undermined her credibility. Before penalizing an applicant for failing to present a corroborating document, the IJ must first point to the missing document and then show that it was reasonably available. *Jin Shui Qiu*, 329 F.3d at 153. When asked why she had not provided such documentation, Bori responded that she was in jail at the time and thought that they did submit it to the INS. The IJ therefore should have given Bori the opportunity to remedy the lack of evidence. *See Poradisova v. Gonzales*, 420 F.3d 70, 79 n. 3 (2d Cir. 2005).

■ Based on these concerns, we find that the IJ's adverse credibility determination was not supported by substantial evidence. The IJ also rested his decision, however, on whether Bori's experiences satisfied the definition of persecution. Bori was required to show that the harm she suffered was " 'inflicted upon [her] in order to punish [her] for possessing a belief or characteristic a persecutor sought to overcome' and 'inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control.' " *Damko v. INS*, 430 F.3d 626, 632 (2d Cir.2005) (quoting *Matter of Acosta*, 19 I. & N. Dec. 211,

222–23, 1985 WL 56042 (BIA 1985), *overruled in part by, Matter of Mogharrabi*, 19 I. & N. Dec. 439, 1987 WL 108943 (BIA 1987)). The IJ found Bori's claim legally insufficient on this score, because there was no "causal connection" between Bori's fiancé and the Albanian government other than the fiancé's "tenuous relationship" with his father who was a former dignitary of the Communist government. The IJ failed to consider whether the government was unable or unwilling to control Bori's fiancé in light of the Country Report on Human Rights in Albania, which was submitted as evidence, which suggested that violence against women and spousal abuse are serious problems and that "[c]ultural acceptance and lax police response result in most abuse going unreported." *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir.2006).

The IJ also found that Bori did not report her fiancé's actions to the government, thus denying the government the chance to protect her. The IJ failed to take into account Bori's reasons for failing to report her fiancé, namely that he had threatened to kill her for revealing his abuse and that it was a "known fact that [the police] don't do anything about these things ... especially at that time, where the socialists were in power." *See Poradisova*, 420 F.3d at 80 (noting that the IJ erred by attaching adverse weight to Jewish petitioner's failure to report persecution to police where evidence indicated that the police were antiSemitic). The country report introduced into evidence corroborated this attestation.

Given the erroneous underpinnings of the IJ's adverse credibility finding, as well as the erroneous aspects of the IJ's analysis of Bori's showing of persecution, we cannot say that stripped of these errors, we can be confident that the same conclusion would result upon remand. *Xiao Ji*

*Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006). Accordingly, we remand the IJ's denial of Bori's claim of past persecution based on her political opinion.

 Bori's other arguments are without merit. She did not establish that she was persecuted as a member of a "particular social group" under our circuit's interpretation of that term. *See Hong Ying Gao v. Gonzales*, 440 F.3d 62, 66–67 (2d Cir.2006). In addition, as respondent argues, Bori's argument that she was persecuted based on her religion was not raised before the BIA and therefore was not exhausted. *See Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004) (per curiam). Appeal of the remaining findings by the IJ—that Bori failed to show persecution based on an imputed political opinion and that Bori did not warrant CAT relief—has been waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

 As to Bori's motion to reopen the BIA proceedings, she failed to present evidence that was previously unavailable and undiscoverable at the former hearing. 8 C.F.R. § 1003.2(c)(1). To the extent that Bori sought to reopen her proceedings based on "exceptional circumstances," such as ineffective assistance of counsel, she was required to satisfy specific procedural requirements, which she did not do. *See Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (holding that the requirements set forth in *Matter of Lozada*, 19 I & N Dec. 637, 1988 WL 235454 (BIA 1988), are appropriate to screen ineffective assistance claims). Accordingly, the BIA did not abuse its discretion in denying her motions to reopen and motion to remand based on Bori's claim of ineffective assistance of counsel.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the BIA's June 2002 order is VACATED, the BIA's May 2003 order is AFFIRMED, and the case is REMANDED to the BIA with directions to order further proceedings relevant to Bori's claims of persecution in accordance with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).